UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:10-CR-163-TRM-SKL-01 |
| | ) | |
| | ) | |
| ROBERT MOORE | ) | |

## **MEMORANDUM AND ORDER**

ROBERT MOORE, ("Defendant") appeared for a hearing on April 29, 2020, in accordance with Rules 5 and 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant for an Offender Under Supervision ("Petition").

Defendant was placed under oath and informed of his constitutional rights. It was determined that Defendant wished to be represented by an attorney and he qualified for appointed counsel. Attorney Presita West with Federal Defender Services of Eastern Tennessee was appointed to represent Defendant. It was also determined that Defendant had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Defendant be detained without bail pending his revocation hearing before U.S. District Judge McDonough. Defendant waived his right to a preliminary hearing, but requested a detention hearing, which was held. During the detention hearing both parties presented their respective evidence, proffers, and arguments, which were fully considered by the Court. The Court makes the following findings:

(1) Based upon the Petition and waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of his condition of supervised release as alleged in the Petition.

(2) Also as addressed in detail during the detention hearing, and pursuant to Fed. R. Crim. P. 32.1(a)(6), the Court further finds Defendant has not carried his burden to establish by clear and convincing evidence that he will not fail to appear or pose a danger to any other person or to the community if released.

The Court will briefly further address the COVID-19 pandemic issues raised by Defendant. It should be noted that Defendant did not represent that he is elderly or has medical conditions that place him at higher risk for serious illness related to the COVID-19 pandemic. Likewise, he did not argue that he has failed to receive requested medical attention. Instead, he mainly proffered

that the jail is grossly overcrowded, which makes it impossible for Defendant to isolate himself thereby increasing the possibility of exposure to COVID-19. Defendant also proffered that he can live more safely elsewhere. Even accepting these proffers as true, Defendant's argument fails because the threat of COVID-19, worsened by overcrowded jail conditions, does not compel release regardless of the risks properly considered under the Bail Reform Act. In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court may consider the COVID-19 pandemic, but it should not be the sole basis for release. *See United States v. Woods*, Case No. 19-cr-20112-02, 2020 WL 1493488, *4 (E. Mich. March 28, 2020) (denying motion for revocation of detention order); *see also United States v. Smoot*, Case No. 2:19-cr-20, 2020 WL 1501810 (S.D. Ohio, March 30, 2020) (considering original grounds for detention in analysis of temporary release motion due to COVID-19).

For the reasons noted in the hearing and set forth in the Petition, the Court finds Defendant has not met his burden to establish by clear and convincing evidence that he will not fail to appear or not pose a danger to any other person or to the community if released upon conditions or a combination of conditions. The threat of COVID-19, especially without any proof that Defendant has existing, serious, and unmet medical considerations or that the jail is experiencing an uncontrolled outbreak of COVID-19, does not lessen the danger that Defendant poses or mitigate the risk of non-appearance. While the combined circumstances of the COVID-19 pandemic and jail overcrowding are unprecedented and troubling, Defendant did not meet his burden of proof for release on conditions pursuant to Fed. R. Crim. P. 32.1(a)(6) and the Bail Reform Act.

Accordingly, it is **ORDERED** that:

(1) Counsel for Defendant and the Government shall confer and make best efforts to submit to U.S. District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

(2) In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before U.S. District Judge McDonough.

(3) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further order from this Court is **GRANTED**.

SO ORDERED.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE